## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**KIARA LIZ ORTEGA DELGADO**
*Plaintiff*

v.

**B2B FUNDING, LLC; B2B MERCHANTS LLC; ROLANDO ROMERO; and SIMON LOBANOV**
*Defendants*

**Case No.**

## COMPLAINT

**COMES NOW** the plaintiff Kiara Liz Ortega Delgado ("Plaintiff"), by and through the undersigned counsel, who hereby files this complaint against B2B Funding, LLC; B2B Merchants, LLC; Rolando Romero; and Simon Lobanov (collectively "Defendants") and hereby states, avers, and alleges as follows:

### I.    JURISDICTION, VENUE AND PARTIES

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 15 U.S.C. § 1125(a).

2. The Court has supplemental jurisdiction over related Puerto Rico law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants conduct business in Puerto Rico and the acts complained of occurred in this District.

4. The plaintiff Kiara Liz Ortega Delgado is a Puerto Rico resident and well-known television host, media personality, model, actress, and beauty pageant titleholder.  Most notably, she was crowned Miss Universe Puerto Rico in 2018 and was a top five finalist for Miss Universe 2018.

5. B2B Funding, LLC is a Puerto Rico limited liability company with a physical and mailing address of 53 Palmeras Street, 8th Floor, San Juan, PR, 00901.

6. B2B Merchants LLC is a Puerto Rico limited liability company with a physical and mailing address of 954 Ave. Ponce de Leon Ste 601, San Juan, PR, 00907.

7. Upon information and belief, the defendant Rolando Romero is the general manager of B2B Funding, LLC, a resident of Puerto Rico, and otherwise *sui juris*.

8. Upon information and belief, the defendant Simon Lobanov is the president and CEO of B2B Funding, LLC, a resident of Puerto Rico, and otherwise *sui juris*.

## II.    FACTUAL OVERVIEW

9. This action arises from Defendants' unauthorized commercial use of Plaintiff's name, image, and likeness after the expiration of a written contract.

10. Plaintiff is a well-known and recognized professional model whose name, image, and likeness have commercial value.

11. On or about August 31, 2023, Plaintiff and Defendants B2B Funding and Rolando Romero entered into a short written agreement regarding Plaintiff's participation in a B2B Funding, LLC and B2B Merchants LLC advertising campaign in exchange for payment. Exhibit 1.

12. The expired agreement required payment to Plaintiff in the amount of $25,000, which was paid. *Id.*

13. The agreement specifically authorized the use of Plaintiff's image in limited promotional materials, including photographs and short promotional videos. *Id.*

14. The contract further described the limited deliverables, including one photoshoot with two wardrobe changes for "B2B Funding Puerto Rico" and "B2B Merchants"; one 30-second video for "B2B Funding Puerto Rico"; one 30-second video for "B2B Merchants"; and one 30-second video for either "B2B Funding Puerto Rico" or "B2B Merchants."[1] *Id.*

---

[1] A search of the official Puerto Rico website yielded no company registered with the exact name of "B2B Funding Puerto Rico."

15. During negotiations, the parties explicitly agreed that the scope of the license was limited to these specific digital promotional deliverables and excluded broader, premium mediums such as broadcast television commercials. Had full television commercial rights been included in the agreement, Plaintiff's negotiated compensation would have been significantly higher than $25,000.

16. The agreement was explicitly in effect from August 31, 2023, to August 31, 2024. *Id.*

17. After the expiration date, Defendants no longer possessed authorization to use Plaintiff's name, image, and likeness and no renewal agreement was negotiated or executed.

18. At no point did Defendants have the authority to use Plaintiff's name, image, and likeness in television commercials.

19. Despite the expiration of the agreement, Defendants continued using Plaintiff's name, image, and likeness in advertising campaigns.

20. Defendants continued to display and distribute Plaintiff's name, image, and likeness in advertising campaigns, television promotions, social media posts, and on Defendants' website despite the expiration of the parties' agreement.

21. Defendants' actions create the false impression that Plaintiff continues to endorse or maintain a relationship with the B2B defendants.

22. Defendants have used Plaintiff's name, image, and likeness in (1) television advertisements, (2) social media promotions, (3) online advertising, and (4) on defendants' website.

23. These uses occurred without Plaintiff's consent.

24. As a result of these actions, Plaintiff was forced to engage the services of the undersigned counsel.

3

**FIRST CLAIM FOR RELIEF:**
**FALSE ENDORSEMENT OR FALSE ASSOCIATION**
**15 U.S.C. § 1125(a)(1)(A)**

25. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as if fully pleaded herein.

26. Plaintiff's name, image, and likeness constitute a trademark that possesses significant commercial value and goodwill.

27. Plaintiff possesses rights to her own name, image, and likeness, especially over how they are used commercially.

28. Defendants' used Plaintiff's name, image, and likeness without permission to promote their business in television, social media, and online platform advertisements.

29. The unauthorized and continued use of Plaintiff's name, image, and likeness in commerce creates a likelihood of consumer confusion regarding Plaintiff's affiliation with Defendants.

30. Such use falsely suggests a current affiliation, connection, or association between Plaintiff and Defendants, and creates the misleading impression that Plaintiff continues to endorse or approve of Defendants' products and services.

31. Defendants' violation of the Lanham Act was willful and deliberate, intended to capitalize on Plaintiff's goodwill without compensation.

32. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages;

4

award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF:**
**FALSE ADVERTISING**
**15 U.S.C. § 1125(a)(1)(B)**

33. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as if fully pleaded herein.

34. Plaintiff's name, image, and likeness constitute a trademark that possesses significant commercial value and goodwill.

35. Plaintiff possesses rights to her own name, image, and likeness, especially over how they are used commercially.

36. Defendants' used Plaintiff's name, image, and likeness commercially without permission to promote their business in television, social media, and online platform advertisements.

37. This commercial use of the Plaintiff's name, image, and likeness was intended to influence consumers to use the Defendants' services.

38. Defendant's unauthorized use of Plaintiff's name, image, and likeness falsely implies that Plaintiff is a client, partner, or supporter of Defendants' business.

39. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages; award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

5

## THIRD CLAIM FOR RELIEF:
## RIGHT OF PUBLICITY ACT

40. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as if fully pleaded herein.

41. Under Puerto Rico law, Act No. 139-2011, Plaintiff possesses the exclusive right to control the commercial use of their name, likeness, and image.

42. Defendants' used Plaintiff's name, image, and likeness commercially without permission to promote their business in television, social media, and online platform advertisements.

43. This commercial use of the Plaintiff's name, image, and likeness was intended to influence consumers to use the Defendants' services.

44. Defendant's unauthorized use of Plaintiff's name, image, and likeness falsely implies that Plaintiff is a client, partner, or supporter of Defendants' business.

45. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

46. By continuing to exploit Plaintiff's name, image, and likeness for commercial gain after the expiration of the "Term," Defendants have misappropriated Plaintiff's image and likeness without her consent.

47. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages; award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF:
## GENERAL TORT VIOLATION

48. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as if fully pleaded herein.

49. Defendants had a legal duty to not use Plaintiff's name, image, and likeness in a commercial context without Plaintiff's permission.

50. Defendants breached this duty by using Plaintiff's name, image, and likeness commercially without permission to promote their business in television, social media, and online platform advertisements.

51. This commercial use of the Plaintiff's name, image, and likeness was intended to influence consumers to use the Defendants' services.

52. Defendant's unauthorized use of Plaintiff's name, image, and likeness falsely implies that Plaintiff is a client, partner, or supporter of Defendants' business.

53. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages; award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF:
## UNJUST ENRICHMENT

54. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as fully pleaded herein.

7

55. Defendants' used Plaintiff's name, image, and likeness commercially without permission to promote their business in television, social media, and online platform advertisements.

56. Defendants have received a substantial economic benefit by using Plaintiff's name, image, and likeness to promote their brand without payment of a renewal fee.

57. This enrichment has occurred at the direct expense of Plaintiff, who has not been compensated for the post-August 31, 2024, usage.

58. There is no legal or contractual justification for Defendants to retain the commercial benefits of Plaintiff's image after the license has expired.

59. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages; award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

### SIXTH CLAIM FOR RELIEF:
### FRAUDULENT INDUCEMENT/PROMISSORY FRAUD

60. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as fully pleaded herein.

61. During negotiations leading up to the execution of the agreement, Defendants specifically, intentionally, and falsely represented to Plaintiff that her name, image, and likeness would not be used in broadcast television commercials.

62. Defendants knew or should have known at the time of making this representation that it was false, and that they intended to utilize Plaintiff's name, image and likeness in television commercials.

63. Defendants made this false representation with the intent to induce Plaintiff into executing the agreement and accepting a significantly lower compensation rate ($25,000) than the true market value of her television commercial licensing.

64. Plaintiff reasonably and justifiably relied on Defendants' false representations when entering into the agreement and providing her modeling services.

65. Had Plaintiff known that Defendants intended to use her name, image and likeness for broadcast television commercials, she would not have entered into the agreement under those terms or for that compensation amount.

66. As a direct and proximate result of Defendants' fraud, Plaintiff has suffered substantial financial and commercial damages.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages; award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF:**
**BREACH OF CONTRACT**

67. Plaintiff incorporates and re-alleges paragraphs 1 to 24 as fully pleaded herein.

68. The agreement executed on or about August 31, 2023, constituted a valid, binding, and enforceable contract between Plaintiff and Defendants.

69. Plaintiff fully performed all duties required of her under the agreement, including participating in the designated photoshoot.

70. The agreement strictly limited Defendants' license to specific digital deliverables and a specific time period (August 31, 2023, to August 31, 2024), while explicitly excluding premium mediums such as broadcast television commercials.

71. Defendants breached the agreement by exceeding the authorized scope of the license, specifically by deploying Plaintiff's name, image, and likeness in unauthorized television commercials and continuing to exploit the assets after the contract's expiration date.

72. As a direct result, Plaintiff has suffered and continues to suffer commercial injury, including the loss of control over her professional endorsement value.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in her favor; issue permanent injunctions prohibiting Defendants from using Plaintiff's image without permission; order Defendants to remove and destroy all advertising materials containing Plaintiff's name, image, and likeness; award all available compensatory, statutory, and/or punitive damages; award all available costs and attorney's fees; and grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** on this 22nd day of May, 2026.

**Manuel Alejandro Law Firm, LLC**
9555 SW 175 Ter, Office #239
Palmetto Bay, FL 33157
Tel: (786) 554-3145

*s/ Manuel Alejandro Franco*
Manuel Alejandro Franco, Esq.
USDCPR No. 302406

10

Manuel@AlejandroLaw.net